**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| **WETRO LAN LLC,** <br><br> Plaintiff, <br> v. <br><br> **KASPERSKY LAB, INC.,** <br><br> Defendant. | No. 5:16-cv- <br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Wetro Lan LLC files its Original Complaint for Patent Infringement and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

### THE PARTIES

1. Plaintiff Wetro Lan LLC is a Texas limited liability company with a principal office at 3400 Silverstone Drive, Suite 191-D, Plano, Texas 75023.

2. Defendant Kaspersky Lab, Inc., is a Massachusetts corporation with a principal office at 500 Unicorn Park, 3rd Floor, Woburn, Massachusetts 01801.  Defendant may be served with a copy of this complaint via Angelo Gentile at its principal office.

### JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries, (ii) at least a portion of the alleged infringements occurred in this Judicial District; and (iii) Defendant regularly does or solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## THE PATENT-IN-SUIT

7.     On September 21, 2004, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,795,918 (the "918 patent"), entitled "Service Level Computer Security." A true and correct copy of the 918 patent is attached at Exhibit A.

8.     Plaintiff is the owner and assignee of all substantial rights, title, and interest in and to the 918 patent.

## THE ACCUSED PRODUCT

9.     Defendant makes, uses, sells, offers for sale, or imports one or more products that infringe one or more claims of the 918 patent.

10.    Defendant's Accused Product is its Kaspersky Internet Security software (all versions up to and including version 6).

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,239,918

11.    Plaintiff incorporates by reference each of its foregoing allegations.

12.    Plaintiff conducted a pre-filing investigation, comparing the Accused Product to one or more claims of the 918 patent.

13.    Based on Plaintiff's pre-filing investigation, without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 918 patent in this District and throughout the United States, literally or under the doctrine of equivalents.

14.    Defendant directly infringes at least claim 1 of the 918 patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using, offering for sale, selling, or importing within this District and the United States its Accused Product, which under claim 1 of the 918 patent provides a method for filtering a plurality of data packets (e.g., units of data representing

information made into a single package that travels along a given network path), the method comprising:

> receiving a data packet from the plurality of the data packets, the received data packet having source, destination, and protocol information (e.g., the data packet contains the addresses of the source and destination computers and the communication protocol that the data packet follows);
>
> extracting the source, destination, and protocol information from the received data packet;
>
> providing the extracted information to a non-user configurable decision block (e.g., a pre-designed process that reads the contents of the data packet), the decision block including information on which services are authorized (e.g., at the destination computer) depending on the extracted information, the non-configurable decision block being substantially free from user adjustment;
>
> dropping the received data packet if the extracted information indicates a request for access to an unauthorized service (e.g., access to a computer's operating system); and
>
> permitting the received data packet to go through if the extracted information indicates a request for access to an authorized service,
>
> wherein the protocol information includes information about transport types (e.g., Transmission Control Protocol (TCP), User Datagram Protocol (UDP), and Internet Control Message Protocol (ICMP)).

15. Claim 1 is understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

16. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes claim 1 upon a plain reading of this Complaint, the 918 patent, and claim 1.

17. Plaintiff reserves the right to modify its infringement theory as discovery progresses in this case, and it shall not be estopped for claim construction purposes by its

preliminary infringement analysis as provided in this Complaint. Plaintiff's preliminary infringement analysis is not representative of its final claim construction positions.

18. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes one or more claims of the 918 patent.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A. Judgment that Defendant has directly infringed the 918 patent under 35 U.S.C. § 271(a);

B. An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D. Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E. Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

-5-

Dated: October 4, 2016  Respectfully submitted,

_____
Peter J. Corcoran, III
Texas State Bar No. 24080038
**CORCORAN IP LAW, PLLC**
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2918
Fax: (844) 362-3291
Email: peter@corcoranip.com

*Counsel for Plaintiff*
*Wetro Lan LLC*